# 97 DTA 169

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL III DE ARECIBO Y UTUADO**
**PANEL I**

EL PUEBLO DE PUERTO RICO
Apelado

v.

EDICK MAYSONET NIEVES
Apelante

Núm. KLAN-96-01200

San Juan, Puerto Rico, a 14 de agosto de 1997

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Soler Aquino y señor Rivera Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso de apelación nos plantea la improcedencia de la determinación del Tribunal de Primera Instancia sobre la convicción del acusado, aquí apelante, y de la sentencia dictada por ese Tribunal, por ser insuficiente la prueba de cargo desfilada y por haber descartado tal foro la prueba de coartada desfilada por la defensa, que alegadamente era suficiente para arrojar duda razonable sobre su culpabilidad. Se nos plantea, además, la improcedencia de su convicción por el delito de secuestro, por no haber demostrado el Pueblo, más allá de duda razonable, ese cargo, y por ser las alegadas sustracciones de los perjudicados subsidiarias e incidentales al delito de robo. Nos plantea la improcedencia de la admisión en evidencia de fotocopias de documentos ofrecidos por el Ministerio Público para impugnar la defensa de coartada presentada por la defensa. No le asiste la razón al apelante. Se confirma la sentencia apelada.

### I

El señor Luis Colón Reyes, porteador público que trabajaba la ruta de San Juan a Arecibo, se encontraba trabajando el día 3 de junio de 1996. Lo acompañaba su esposa, la señora Janaki Rivera Pagán. A las tres de la tarde de ese día, encontrándose entre Bayamón y Toa Alta, el señor Colón Reyes detuvo su vehículo para recoger dos (2) pasajeros que le comunicaron se dirigían a Arecibo. Por el espejo retrovisor de su vehículo él observaba los movimientos del aquí apelante, señor Edick Maysonet Nieves, por haberle producido sospecha él y otra persona que lo acompañaba al abordar su vehículo. ██ Esas dos personas le pidieron al señor Colón Reyes que se detuviera en el Paso Real, entre Manatí y Barceloneta. El se detuvo frente a Villa Real y acto seguido le informaron que se trataba de un asalto. El aquí apelante tenía un arma de fuego. ██ El y su compañero le ordenaron a los pasajeros que bajaran del vehículo. La señora Rivera Pagán se negó a bajar del mismo y abandonar a su esposo. La discusión de los asaltantes conminando a los pasajeros a bajar del vehículo duró alrededor de dos (2) minutos. Finalmente, los asaltantes optaron por marcharse en el vehículo junto al señor Colón Reyes y su esposa, señora Rivera Pagán. Los asaltantes le ordenaron al señor Colón Reyes a virar el vehículo en sentido contrario, en dirección a Manatí. Se bajaron del vehículo frente a una estación de gasolina Shell, cinco (5) minutos después.

El 4 de junio de 1996, día siguiente a la ocurrencia de los hechos antes relatados, el señor Colón Reyes observó al aquí apelante vendiendo chocolates en un sector conocido como el Cruce Dávila en Barceloneta. Dio parte de ello a la Policía. Posteriormente, la señora Rivera Pagán identificó al aquí apelante en una rueda de detenidos.

El señor Edick Maysonet Nieves, aquí apelante, fue instruido de cargos por los delitos de robo, ██ secuestro ██ e infracción a los artículos 6 ██ y 8 ██ de la Ley de Armas de Puerto Rico. Después de ser acusado por tales delitos, se celebró juicio por tribunal de derecho y el Tribunal de Primera Instancia lo encontró culpable y convicto de los mismos. Fue sentenciado a dos (2) penas de dieciséis (16) años de reclusión por dos (2) infracciones al delito de secuestro; doce (12) años de reclusión por una infracción al delito de robo; cinco (5) años de reclusión por infracción al Artículo 8 de la Ley de Armas, *supra*, y un (1) año de cárcel por infracción al Artículo 6 de la Ley de Armas, *supra*. El Tribunal de Primera Instancia dispuso el cumplimiento consecutivo y concurrente de algunas de esas penas.

Inconforme con el resultado del proceso antes relacionado, el convicto presentó el recurso de apelación ante nos, en el cual levanta como errores cometidos por ese Tribunal los siguientes:

*"I. Cometió grave error el Tribunal de Primera Instancia al declarar culpable al apelante basándose en prueba insuficiente en derecho para conectarle con los hechos delictivos en violación a sus derechos a la presunción de inocencia y al debido proceso de ley.*

*II. Cometió grave error el Tribunal de Primera Instancia al descartar la prueba de coartada presentada por el apelante, la cual fue suficiente para arrojar duda razonable sobre su culpabilidad, por lo cual la sentencia condenatoria viola su derecho a la presunción de inocencia y al debido proceso de ley.*

*III. Cometió grave error el Tribunal de Primera Instancia al declarar culpable al apelante por el alegado secuestro de la señora Janaki Rivera Pagán, sin que el Ministerio Público demostrara más allá de duda razonable que este [sic] fuese sustraída para privarle de su libertad, lo cual es elemento esencial del delito de secuestro, en violación al debido proceso de ley.*

*IV. Cometió grave error el Tribunal de Primera Instancia al declarar culpable al apelante por dos delitos de secuestro cuando la prueba de cargo estableció que las alegadas sustraciones [sic] fueron subsidiarias e incidentales al delito de robo, y por tanto, insuficientes para configurar el delito separado de secuestro.*

*V. Cometió grave error el Tribunal de Primera Instancia al admitir en evidencia sobre la oportuna objeción de la defensa fotocopias de documentos ofrecidos por el Ministerio Público para impugnar la defensa de coartada presentada por el apelante, sin que dichas fotocopias fueran debidamente identificadas y autenticadas."*

## II

El caso de autos no es uno donde la prueba de cargo es insuficiente como cuestión de derecho. Es uno de prueba contradictoria. El profesor Chiesa ha enfatizado la diferencia entre ambos términos al señalar lo siguiente:

*"La insuficiencia de la prueba es algo muy distinto a la prueba conflictiva o contradictoria. La prueba insuficiente es aquella que, aun de ser creída por un jurado razonable, es insuficiente para establecer los elementos esenciales de responsabilidad criminal."* ■

Al juzgador de los hechos le mereció mayor credibilidad la prueba de cargo y, por ende, emitió un fallo de culpabilidad en todos los cargos imputados. Un fallo de esta naturaleza no es contrario a la prueba cuando en los autos obra evidencia suficiente para apoyarlo. Ese es el caso de autos. Veamos.

La evidencia directa, consistente en el testimonio del señor Colón Reyes y de su esposa, la señora Rivera Pagán, que le mereció entero crédito al juzgador de los hechos, es prueba suficiente de los hechos imputados en los cargos de los que fue acusado el aquí apelante. Concluimos que la aquilatación de la credibilidad de esos testigos realizada por el Tribunal de Primera Instancia debe ser respetada por este Tribunal, después de analizada toda la prueba ofrecida y admitida.

De ordinario, el Tribunal de Primera Instancia está en mejor posición que este Tribunal para aquilatar la prueba testifical, porque puede observar la manera en que los testigos se expresaron y su comportamiento en la silla testifical *("demeanor")*. El juzgador de hechos tiene ante sí la forma de hablar de todos los testigos, observa su comportamiento, explicaciones, gestos, ademanes y demás detalles perceptibles. Tales datos resultan esenciales para aquilatar la credibilidad de esos testimonios. ■

El aquí apelante nos plantea que su identificación no fue confiable.

La norma vigente en Puerto Rico para evaluar la confiabilidad de la identificación del acusado es la de conjugar la totalidad de las circunstancias. Los elementos a considerar son: (1) la oportunidad que tuvo el testigo de observar al acusado en el momento en que ocurre el acto delictivo; (2) el grado de atención del testigo; (3) la corrección de la descripción; (4) el nivel de certeza de la identificación; y (5) el tiempo transcurrido entre el crimen y la confrontación. ■

Aunque se favorece la utilización estricta de los mecanismos de identificación provistos en la Regla 252 de Procedimiento Criminal, ■ su omisión no derrota necesariamente el proceso. Utilizándose la identificación extrajudicial, la judicial o ambas, a la luz de la totalidad de las circunstancias, se puede sostener una identificación jurídicamente válida. ■

Concluimos que la identificación realizada por la señora Janaki Rivera Págan es confiable. Veamos.

La señora Rivera Págan testificó que observó al aquí apelante durante el transcurso de la ocurrencia de los hechos, objeto de las acusaciones realizadas por el Pueblo, por un período de quince (15) a veinte (20) minutos. Describió detalladamente como vestía. Testificó que lo miró fijamente; que la cara no se le podía olvidar. Ella discutió con ellos cuando pretendían que bajara del vehículo y se negó a hacerlo para no dejar solo a su esposo en tal situación. Ella testificó que el apelante nunca les impidió que ella y su esposo lo vieran con detenimiento. Declaró que el apelante se comportó en forma agresiva, buscando en los bolsillos, en las bolsas y carteras. Indicó que le llevaron una sortija de su hija y algún dinero. No hay duda que de la prueba de cargo surge un intenso grado de atención de la testigo sobre el aquí apelante y su compañero de acción delictiva. La señora Rivera Págan lo identificó con gran certeza y seguridad durante la rueda de detenidos. No tardó ni un minuto, desde que entró al cuarto para la celebración de tal proceso, en identificarlo entre otras cuatro (4) personas. El tiempo transcurrido entre el crimen y la confrontación fue de sólo un día. Analizada la totalidad de las circunstancias que rodearon la identificación del aquí apelante por la señora Rivera Págan, no existe razón alguna para intervenir con la determinación del Tribunal de Primera Instancia sobre tal aspecto.

Los requisitos o directrices exigidos por la Regla 252 de Procedimiento Criminal, *supra*, son principalmente aplicables y tienen el propósito de regular el procedimiento de identificación cuando éste está en manos de, o dirigido o controlado por, los funcionarios del Estado encargados de la seguridad pública. ■

La rueda de detenidos es un instrumento en reserva cuando la confusión, el correr del tiempo, la difícil percepción, el recuerdo tenue, la inseguridad del testigo, o cualquier otro factor en evaluación lógica enerve la razonable certeza exigida de quien señala al autor del delito. ■

Cuando la identificación del imputado de delito es realizada por la víctima o el testigo por sí sólo; esto es, sin intervención de clase alguna de funcionarios del Estado, no existe temor alguno de que los funcionarios a cargo del procedimiento de identificación en un caso en particular interfieran indebidamente con los testigos de los hechos sugiriéndoles la persona que deben identificar. ■

Concluimos, que la identificación que del aquí apelante realizara el señor Luis A. Colón Reyes también es confiable. Veamos.

El señor Colón Reyes testificó, que una vez el apelante aborda su vehículo junto a su compañero, él lo observó bien por el espejo retrovisor. En el trayecto, el apelante le pidió permiso para fumar. Indicó que desde que venían de Bayamón, él observaba al apelante, pues le estuvo sospechoso. Testificó que observó como por cinco o seis segundos una cicatriz en la parte de atrás de la cabeza del apelante. Transcurrió un período de treinta y cinco (35) a cuarenta (40) minutos desde que los recogió hasta que se bajaron de su vehículo. Mientras manejaba, el apelante le puso el revólver en la cabeza. Observó bien a ambos asaltantes. Al otro día de los hechos vio al apelante en un área del Municipio de Barceloneta, durante su ruta de porteador público, y lo reconoció. Declaró que había visto al apelante anteriormente. Que había viajado en su vehículo conducido por él antes de la fecha de los hechos.

No presenta para este Tribunal insuficiencia alguna la identificación que realizara el señor Colón Reyes del aquí apelante para sostener las convicciones decretadas. La misma fue espontánea, confiable, independiente y anterior a la intervención de la Policía, que hacía innecesaria la identificación del apelante por el señor Colón Reyes por cualquiera de los métodos que aparecen en la Regla 252 de Procedimiento Criminal, *supra*. Cuando el testigo conoce al acusado, con anterioridad a los hechos que se le imputan, como es el caso de autos, es innecesaria la utilización de los métodos de identificación que provee la Regla 252 de Procedimiento Criminal, *supra*. ■

La identificación de un acusado hay que adjudicarla a la luz de las circunstancias particulares de cada caso. En apelación, la conclusión del juzgador de los hechos sobre la suficiencia de prueba confiable para la identificación de un acusado, tiene todo el respeto y validez que ordinariamente se extiende a las determinaciones de hechos. El juzgador de los hechos está en mejor posición para

adjudicar credibilidad; por lo tanto, sus determinaciones sólo se pueden suplantar si no están sostenidas por la prueba. ■■

Las contradicciones en un testimonio, aunque ponen en juego la credibilidad del testigo, no tienen el efecto del rechazo de todo su testimonio. Es imprescindible analizar toda la prueba en conjunto, a los fines de arribar al peso que ha de concedérsele a la prueba en su totalidad. ■■

No existiendo en este caso indicio alguno de pasión, prejuicio o parcialidad del juzgador de hechos, o error manifiesto en la apreciación que éste hizo de la totalidad de la prueba desfilada, no es función de este Tribunal alterar sus determinaciones en cuanto a la confiabilidad de los testimonios de las víctimas sobre la identificación del acusado, aquí apelante. ■■

Los errores primero y segundo señalados por la parte apelante no fueron cometidos por el Tribunal de Primera Instancia.

### III

El apelante plantea que requiriendo el delito de secuestro el elemento de intención específica, este último está ausente de los hechos del caso de autos, toda vez que la señora Rivera Pagán fue requerida por los asaltantes a que se bajara del vehículo y ésta se negó. Arguye el aquí apelante que la negación de esa persona a bajarse del vehículo es equivalente a decir que ella voluntariamente se fue con los asaltantes en el vehículo de su esposo. Nos plantea, además, que el delito de secuestro no se configuró en relación a ambas víctimas, por cuanto las sustracciones que sufrieron inherentes al delito de secuestro fueron subsidiarias e incidentales al delito de robo. No tiene razón. Veamos.

El Artículo 137 del Código Penal, *supra*, tipifica el delito de secuestro de la forma siguiente:

*"Toda persona que mediante fuerza, violencia, intimidación, fraude o engaño sustrajere a otra para privarla de su libertad, será sancionada con pena de reclusión por un término fijo de veinticuatro (24) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cuarenta (40) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de diez y seis (16) años."*

El delito de secuestro, tanto en su modalidad simple como la agravada, ■■ requiere que la sustracción de la víctima sea sustancial y no meramente incidental a la comisión de algún delito. El estatuto de secuestro debe ser interpretado restrictivamente, no sólo en virtud del principio de legalidad y especificidad de la norma penal, sino por la severa penalidad que acarrea este delito, aun en su modalidad simple. ■■

El delito de secuestro se configura cuando, a pesar de estar presente la sustracción de la víctima como consecuencia de la comisión de otro delito, la víctima ha sido trasladada a través de una distancia considerable o sustancial. El hecho de que el propósito del aquí apelante y su compañero en la comisión de los hechos del caso de autos hubiere sido cometer el delito de robo, no implica que no se satisfaga el elemento de intención de privar a la víctima de su libertad, esencial para el delito de secuestro. El hecho que la intención específica de privar a la víctima de libertad persiga el fin ulterior de cometer el delito de robo no es una defensa ante la acusación por secuestro. El hecho de que no hubiera un plan preconcebido para privar a la víctima de su libertad, no implica la ausencia de intención específica de privarla de libertad, a los fines del delito de secuestro. No se requiere previa planificación ni concebir la privación de libertad con mucho tiempo de antelación a los hechos. ■■

Cuando una persona traslada a la víctima por un tiempo y distancia considerable, con el fin último de cometer el delito de robo, como es el caso de autos, y efectivamente comete tal delito luego del traslado y sustracción, esa persona comete los delitos de robo y secuestro, sin que le sea aplicable el Artículo 63 del Código Penal ■■ y la figura del concurso. En tal situación no existe impedimento alguno para castigos múltiples. ■■ Tal artículo no es de aplicación cuando el acusado persigue varios objetivos criminales independientes entre sí y no meramente incidentales. El acusado puede ser castigado por los delitos independientes cometidos en la persecución de cada objetivo, aunque los delitos dependan de actos comunes o sean parte de un curso de conducta de otra forma indivisible. ■■

No hay duda alguna que al ordenarle al señor Colón Reyes dar vuelta hacia atrás en dirección a Manatí, hubo una sustracción de su persona y fue trasladado en sentido contrario a la cual él se dirigía, en forma sustancial y por un tiempo y distancia considerable. Durante los cinco minutos que transcurrieron desde que dieron vuelta hacía Manatí y hasta que se bajaron los asaltantes, viajaron un considerable tramo de carretera. Al obligarlo a tal acción, revólver en mano, se configura el elemento de sustracción de su persona con la intención específica de privarle de su libertad mediante el uso de la intimidación o amenaza de grave daño corporal. El hecho de que los asaltantes no tuvieran un plan preconcebido para privar a las víctimas de su libertad, no implica la ausencia específica de privarles de su libertad a los fines del delito de secuestro, bajo las circunstancias particulares de este caso. El hecho que el fin último de los asaltantes fuera cometer el delito de robo, como efectivamente lo cometieron luego del traslado y sustracción de las víctimas, no implica que no hayan cometido el delito de secuestro además del de robo.

¿Eximió de responsabilidad al aquí apelante por el delito de secuestro el hecho de que la señora Rivera Pagán se negare a bajar del vehículo para no dejar solo a su esposo con los asaltantes? La contestación es en la negativa.

Existe un elemento intenso de intimidación y coacción sobre la dama en cuestión para tomar la decisión de no bajarse. Estaba en peligro la vida de su esposo, a quien le estaban apuntando con un arma de fuego. No podemos concluir, bajo ese cuadro fáctico, que su sustracción y traslado en forma sustancial y a una distancia considerable fuera voluntaria de su parte y no constituyera una privación de su libertad. Esto es equivalente a decir que ella dio su consentimiento a viajar hacia Manatí con los asaltantes para no abandonar a su esposo a su suerte. Es lógico pensar que una persona razonable, bajo tales circunstancias, no hubiera voluntariamente tomado esa decisión si su esposo se hubiera bajado del vehículo con ella. Concluir que bajo ese cuadro ella voluntariamente consintió a viajar con los asaltantes y que no hubo sustracción de su persona para privarla de su libertad, mediante la intimidación y coacción que le ocasionaba el grave riesgo de muerte o grave daño corporal en que se encontraba su esposo, sería inaudito. No encontramos fuerza persuasiva alguna en tal argumento de la parte apelante.

Ausente en este caso indicios de pasión, prejuicio o parcialidad del juzgador de hechos, o de error manifiesto en la apreciación que de la prueba ofrecida y admitida hizo el Tribunal de Primera Instancia, por virtud de la cual concluyó que el Pueblo demostró más allá de duda razonable que la señora Rivera Pagán fue sustraída y trasladada en forma sustancial y a una distancia considerable para privarle de su libertad, este Tribunal no ha de intervenir con la sentencia apelada.

Los errores tercero y cuarto señalados por el apelante no fueron cometidos por el Tribunal de Primera Instancia.

## IV

El quinto señalamiento de error apuntado por la parte apelante también resulta inmeritorio. Veamos.

La Regla 73 de Evidencia dispone sobre ese tema lo siguiente:

*"Un duplicado es tan admisible como el original a no ser que surja una genuina controversia en torno a la autenticidad del original o que, bajo las circunstancias del caso, sea injusto admitir el duplicado en lugar del original."*

Si la copia satisface la definición de *"duplicado"* establecida en la Regla 68 (D) de Evidencia, entonces esa copia es tan admisible como el *"original, a no ser que surja una genuina controversia en torno a la autenticidad del original."* o que, bajo las circunstancias del caso, sea injusto admitir tal duplicado en lugar del original. Tal es la situación en el caso de la copia fotostática.

Del alegato del apelante no surge ninguna de las condiciones que hubieren impedido la admisión en evidencia de copia fotostática de los documentos ofrecidos por el Ministerio Público para impugnar la defensa de coartada presentada. No surge de dicho escrito, ni de la exposición narrativa de la prueba oral, que en su momento la defensa levantara una controversia genuina sobre la autenticidad de las

copias. No surge, además, de nuestro expediente que dichos documentos no fueron debidamente identificados y autenticados. ▪

La parte aquí recurrida nos señala que la objeción de la parte apelante se limitó a plantear que los documentos aludidos no constituían la mejor evidencia.

Sobre este tema, la Regla 69 de Evidencia ▪ dispone lo siguiente:

*"(A) A menos que un estatuto o estas reglas dispongan otra cosa, para probar el contenido de un escrito, grabación o fotografía se requiere la presentación del escrito, fotografía o grabación original.*

*(B) Cuando en un convenio oral o escrito, ya sea público o privado, se hayan incluido todos los términos y condiciones que constituyen la verdadera y última intención de las partes, se considerará que éste es uno integrado, por lo que no cabrá entre los convinientes o sus sucesores en interés, evidencia extrínseca al contenido del mismo excepto en los siguientes casos:*

*(1) Cuando una equivocación o imperfección en el convenio sea alegada en el litigio;*

*(2) Cuando la validez del convenio constituye el hecho controvertido.*

*Esta regla no excluye otra evidencia de circunstancias bajo las cuales fuere hecho el convenio, o con las cuales se relacionare como lo son la situación del objeto a que se contrayere o la de las partes o para probar ilegalidad o fraude."*

El tratamiento de copias bajo la regla de la mejor evidencia sólo puede ser entendido cuando se considera a la luz de la historia tecnológica del mecanismo mismo de copiar. No debe tratarse por igual aquella copia del original producida manualmente por un copista que la moderna copia fotostática o la no tan moderna copia carbón. La admisibilidad de copias bajo la regla de la mejor evidencia debe guardar relación con la confiabilidad de la copia. Copia confiable es aquella que no existe diferencia alguna del original en cuanto a su contenido. La regla de la mejor evidencia es sólo aplicable cuando se trata de probar el contenido del escrito, grabación o fotografía. [30] Si se trata de una copia que resulta ser un *"duplicado"* entonces es permisible la presentación de tal copia.

## V
Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 169

1. Información ofrecida por el señor Colón Reyes en su testimonio vertido durante el juicio.

2. La señora Janaki Rivera Colón atestiguó que *"el aquí apelante tenía un revólver gris brilloso. El señor Colón Reyes, por su parte, describió el arma como un revolvito pequeño aniquelado"*.

3. Artículo 173 del Código Penal, 33 L.P.R.A. § 4279.

4. Artículo 137 del Código Penal, 33 L.P.R.A. § 4178.

5. 25 L.P.R.A. § 416.

6. 25 L.P.R.A. § 418.

**7.** Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Editorial Forum, 1991, Vol. III, pág. 415.

**8.** *Pueblo v. Chévere,* ___ D.P.R. ___ (1995), **95 J.T.S. 115,** opinión del 22 de agosto de 1995; *Pueblo v. Rodríguez Román,* 128 D.P.R. ___ (1991), **91 J.T.S. 26**, opinión del 21 de febrero de 1991.

**9.** *Pueblo v. Rodríguez Román, supra.*

**10.** 34 L.P.R.A. Ap. II, R. 252.

**11.** *Pueblo v. Rodríguez Román, supra.*

**12.** *Pueblo v. Rodríguez Maysonet,* 119 D.P.R. 302 (1987).

**13.** *Ibid.*

**14.** *Ibid.*

**15.** *Ibid.*

**16.** *Pueblo v. Rodríguez Román, supra.*

**17.** *Ibid.*

**18.** *Ibid.*

**19.** Artículo 137 A del Código Penal, 33 L.P.R.A. § 4178a, reza de la forma siguiente:

*"Será sancionada con pena de reclusión por un término fijo de sesenta (60) años toda persona que cometiera el delito previsto en la sección anterior, cuando medie cualquiera de las siguientes modalidades:*

*(a) Cuando se cometa contra un menor de dieciocho (18) años,*

*(b) Cuando se violare, se infligiere grave daño corporal a, o se mutilare a la persona secuestrada, .*

*(c) Cuando se cometa contra el Gobernador de Puerto Rico, contra un legislador o jefe de agencia, juez de los tribunales de justicia de Puerto Rico, o un fiscal del Departamento de Justicia de Puerto Rico, ya fuere éste nombrado por el Gobernador de Puerto Rico o designado como tal por el Secretario de Justicia,*

*(d) Cuando se cometa con el propósito de exigir o se exigiere compensación monetaria o exigir que se realice algún acto contrario a la ley, o la voluntad de la persona secuestrada, o para exigir al Estado la liberación de algún recluso cumpliendo sanción penal o la liberación de un detenido bajo investigación en relación con la comisión de algún delito o acusado de la comisión de delito.*

*En cualquiera de las modalidades anteriores, de mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de noventa y nueve (99) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de cuarenta (40) años."*

**20.** *Pueblo v. Echevarría Rodríguez,* 128 D.P.R. ___ , **91 J.T.S. 43,** opinión del 25 de abril de 1991.

**21.** *Ibid.*

**22.** 34 L.P.R.A. § 3321. Tal artículo dispone lo siguiente:

*"Salvo lo dispuesto en la sección siguiente, un acto u omisión penable de distintos modos por diferentes disposiciones penales, podrá castigarse con arreglo a cualquiera de dichas disposiciones, pero en ningún caso bajo más de una."*

La absolución o convicción y sentencia bajo alguna de ellas impedirá todo procedimiento judicial por el mismo acto u omisión, bajo cualquiera de las demás."

**23.** *Pueblo v. Echevarría Rodríguez, supra.*

**24.** *Ibid.*

**25.** 32 L.P.R.A. Ap. IV, R. 73.

**26.** 32 L.P.R.A. Ap. IV, R. 68 (D). Dicha regla dispone lo siguiente:

*"(D) Duplicado: es la copia o imagen producida por la misma impresión que el original, o por la misma matriz o por medio de fotografía, incluyendo ampliaciones y miniaturas, o por grabaciones mecánicas o electrónicas o por reproducciones químicas o por otras técnicas equivalentes que reproduzcan adecuadamente el original.*

**27.** Chiesa Aponte, *Práctica Procesal Puertorriqueña, Evidencia,* **Publicaciones J.T.S.,** 1979, Vol. I, pág. 467.

**28.** 32 L.P.R.A. Ap. IV, R. 75, 76.

**29.** 32 L.P.R.A. Ap. IV, R. 69.

**30.** Chiesa Aponte, *supra.*